GOODSTEIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   March 7, 1902.)

1. STREET RAILWAY—PERSONAL INJURIES — INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action for injuries sustained in a collision of two street cars, plaintiff testified that a policeman asked if he did not want to go to a hospital; that he said, "No," he preferred to go to G.'s house; that "they took a cab for us, and put us in the cab, and I went up to my friend Mr. G.'s house." On cross-examination he stated that when he first came to, after the accident, he "was in a cab. That was the first time I knew anything about it, when my friend G. and the other fellow started to push me around in the cab." *Held* to sustain a charge that plaintiff testified that a policeman took him to G.'s house, and that the jury could consider why the policeman was not called as a witness.

2. SAME—HARMLESS ERROR.

Even though there was no policeman in the cab with plaintiff, there clearly was some other person there, who was not called to testify, so that there was no prejudice, since the jury must have understood that that was the person referred to by the judge.

Appeal from trial term, Kings county.

Action by Jacob Goodstein against the Brooklyn Heights Railroad Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry L. Franklin, for appellant.
I. R. Oeland, for respondent.

WILLARD BARTLETT, J. The plaintiff brought this suit to recover damages for personal injuries alleged to have been sustained by him while traveling as a passenger in one of the defendant's cars, in consequence of a collision with another car belonging to the same corporation. There was no controversy as to the fact of the collision, and the only question litigated on the trial was whether the plaintiff suffered any injuries whatever in consequence thereof. Upon this issue the proof is conflicting, and the evidence in behalf of the defendant suffices to sustain the verdict. The judgment must therefore be affirmed, unless the learned trial judge committed some error prejudicial to the plaintiff in excluding or admitting testimony, or in his instructions to the jury.

I find no erroneous ruling in the record relative to the admissibility of evidence. The only exception to the charge was taken by counsel for the appellant, in these words:

"I except to that part of your honor's charge wherein your honor says that Goodstein testified that he was taken by a police officer to the house of Goldstein, as there is no such testimony in this case."

To this remark the court responded:

"There is such testimony in this case, and my record shows it. I took it at the time."

Reference to the main body of the charge shows that what the court had already said on the subject was as follows:

"Now, the plaintiff says of this affair as follows, as I have taken it: He states that he was rendered unconscious. He says that a policeman took him in a cab to Goldstein's house. Now, if a policeman took him in a cab to Goldstein's house, you have a right to consider why neither the policeman nor Goldstein are put upon the stand at this time to tell what the condition of the plaintiff really was at that time, because if those two men saw him at the time of this accident, and took him in a cab to his brother's house, they would be material witnesses. It is not controlling. You may be satisfied that he has not called them, but it is a proper thing for you to consider the fact that these witnesses—one of them, at least—was in court here, and was not put upon the stand."

It will be observed that the exception does not relate to the instruction that the jury might take into consideration the fact that the witnesses mentioned were not called by the plaintiff, but merely to the statement that the plaintiff had testified that a policeman took him in a cab to Goldstein's house. A careful reading of the plaintiff's testimony indicates that it was capable of the construction put upon it by the court. The plaintiff first stated the circumstances under which he went into the cab in these words:

"A policeman came around and asked us if we wanted to go to the hospital. I said, 'No,' I preferred to go to my friend's house, Mr. Goldstein; and they took a cab for us, and put us in the cab, and I went up to my friend Mr. Goldstein's house."

Being cross-examined, he further testified:

"When I first came to, after the accident, I was about going back to New York. I was in a cab. That is the first time I knew anything about it, when my friend Goldstein and the other fellow,—when they started to push me around in the cab; and I raised up my head and I said, 'What is the matter?' And I seen my friend was bleeding from the head, because he injured himself, too."

This portion of the cross-examination which I have quoted shows that there was some person other than the plaintiff's friend Goldstein in the cab with him after the accident, and the court evidently understood the phrase "other fellow," used by the plaintiff, to refer to the policeman who had procured the cab and put the plaintiff and his friend into the vehicle. It seems to me that the testimony may fairly be construed in this way, and that, in any event, the charge of the court on the subject could not have been harmful to the plaintiff, inasmuch as there clearly was another person in the cab with him, who was not called as a witness, and the jury must have understood that this was the person referred to by the trial judge in his charge.

The learned counsel for the appellant criticises the charge of the court in other respects, but the record discloses no exceptions to any of the instructions of which he thus complains. I think the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.